# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSHUA CACHO,**

      **Plaintiff,**

v.                                                                                           Case No: 6:25-cv-1314-DCI

**DHANCONLLC, HOOSIER BUYERS LLC, and DHANCON DESROCHES,**

      **Defendants.**

## ORDER

Before the Court is Plaintiff's Request for Electronic Filing, in which Plaintiff seeks authorization "to file and receive filings electronically." Doc. 61 (the Motion). As will be explained, the Motion is due to be **DENIED without prejudice**.

As Plaintiff acknowledges in the Motion (Doc. 61 at 1), effective August 1, 2025, litigants without lawyers in the Middle District of Florida are not permitted to submit filings through the Court's web portal and must submit filings in person, by U.S. Mail, or by other delivery service. www.flmd.uscourts.gov/litigants-without-lawyers.[1]

With respect to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B (August 1, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878

---

[1] "Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended." *Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025).

(11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

In this instance, Plaintiff has not shown any extenuating circumstances or good cause to authorize his access to file via CM/ECF. Since the Court's discontinuation of the *pro se* Web Portal on August 1, 2025, Plaintiff has filed several documents without CM/ECF access. *See e.g.,* Docs. 45, 46, 59. Accordingly, the Court is not persuaded that CM/ECF access is necessary for Plaintiff to litigate this matter. Further, the Court is not convinced that the filing of future documents in person, by U.S. Mail, or other delivery service will be unduly burdensome and prejudicial to Plaintiff. Plaintiff contends that because "all filings made by mail or in person will be dated when received, not when sent . . . he would be inconvenienced and at a disadvantage[.]" Doc. 61 at 1. But the Federal Rules of Civil Procedure account for transit time by adding three days to the applicable deadline when a party is required to serve filings via U.S. mail. *See* Fed. R. Civ. P. 6(d) (citing Rules 5(b)(2)(C) and 6(a)). Accordingly, Plaintiff will not be prejudiced by having to submit filings via U.S. Mail.

To the extent Plaintiff seeks access to the electronically maintained docket system known as "PACER," "[a]ny member of the public can access electronic records of the federal courts by registering online with PACER[.]" *Rothschild v. Anywhere Advisors LLC*, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's Guide for Proceeding Without a Lawyer provides:

> If you have internet access, you may also register for PACER (Public Access to Court Electronic Records) and view and print the documents in a case. To register, go to the PACER registration page on the PACER website (www.pacer.gov) or call (800) 676-6856. Using PACER may cost $.10 a page for viewing or printing. PACER

> will give you details when you register. Problems with PACER should be addressed to PACER, not to the court.

United States District Court Middle District of Florida, *Guide for Proceeding Without a Lawyer*, p. 13 (Feb. 10, 2022) (available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf).

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 61) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on October 7, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE