# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSHUA CACHO,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-1314-DCI**

**DHANCON LLC, HOOSIER BUYERS LLC, and DHANCON DESROCHES,**

**Defendants.**

---

## ORDER

Pending before the Court is a motion for summary judgment filed by Dhancon LLC, Hoosier Buyers LLC, and Dhancon Desroches (collectively, Defendants). Doc. 76 (the Motion). As will be explained, the Motion is due to be **DENIED without prejudice**. Further, having reviewed the summary judgment briefing and the record, the Court finds that the operative complaint (Doc. 11-1) suffers from shotgun pleading defects and is due to be **DISMISSED with leave to amend**.

## I. BACKGROUND

### A. Procedural History

Joshua Cacho (Plaintiff) originally brought this case in the United States District Court for the Western District of Texas against Dhancon Desroches (Desroches), Dhancon LLC (Dhancon), and Hoosier Buyers LLC (Hoosier Buyers) (collectively, Defendants) claiming 15 violations of the Telephone Consumer Protections Act of 1991 (the TCPA) and Texas Business and Commerce Code section 302.101 (section 302.101). Docs. 2, 11-1. Defendants moved to dismiss the complaint for lack of personal jurisdiction (Doc. 16), after which Plaintiff filed an unopposed

motion to transfer venue under 28 U.S.C. § 1404(a). Doc. 17. The Western District of Texas transferred the action to the Middle District of Florida and denied Defendants' motion to dismiss as moot. Docs. 17, 18. Following transfer, the parties consented to the jurisdiction of the magistrate judge on August 27, 2025, and the following day the district judge entered an order approving that consent. Doc. 40.

On October 7, 2025, the Court entered a case management and scheduling order. Doc. 65 (the CMSO). Section K of the CMSO—titled "Motions for Summary Judgment"—dictates the procedures the parties must follow when engaging in the summary judgment stage of the proceedings. Section K.1 provides:

> **1. Joint Stipulations of Fact – Fourteen (14) days** before a party files a motion for summary judgment, counsel for all parties affected by the motion shall meet and confer to create a Stipulation of Agreed Material Facts which will be deemed admitted for the purpose of the motion. The Stipulation shall be filed with the Court. Because the facts must be construed in the light most favorable to the non-moving party at the summary judgment stage, the Court will consider SJ Stipulations only for purposes of resolving a summary judgment motion. The parties are prohibited from citing to SJ Stipulations in any other context. Because SJ Stipulations are likely to expedite the Court's resolution of a summary judgment motion and are inapplicable in any other procedural context, the Court strongly urges the parties to jointly file an SJ Stipulation concerning all material facts that are supported by the record when viewed in the light most favorable to the non moving party.

Doc. 65 at 10.

Defendants filed their answer, affirmative defenses, and counterclaim on October 24, 2025, and Plaintiff responded to the counterclaim. Docs. 69, 70. Two months later, the parties participated in a mediation which ended in an impasse. Doc. 72. The discovery period closed on April 30, 2026.

Defendants moved for summary judgment on May 4, 2026. Doc. 76. Plaintiff sought an extension—which the Court granted—and filed a response to the Motion on June 5, 2026. Doc. 86. Defendants filed a reply on June 19, 2026, and the matter is now ripe for review. Doc. 87.

### B. Factual Background

In the operative complaint, Plaintiff alleges that his personal, residential cell phone has been listed on the National Do-Not-Call Registry since May 21, 2021. Doc. 11-1 at 7. Plaintiff asserts that Dhancon, through its agent Hoosier Buyers, called Plaintiff's cell phone thirteen times between February 18 and February 25, 2025, without Plaintiff's authorization or consent. *Id.* at 7-8. Plaintiff claims that "Dhancon is a broker that offers home selling services to individuals looking to sell their homes" and that each of Defendants Dhancon and Hoosier Buyers' calls were a "solicitation" made with the purpose of "purchas[ing] a property Plaintiff once resided at." *Id.* Plaintiff states that he responded to Dhancon and Hoosier Buyers' first thirteen calls by stating "that he lived in Texas and that was not his house, and to stop calling." *Id.* at 8. Plaintiff alleges that Desroches initiated two additional phone calls "on behalf of 'Hoosier Buyers.'" *Id.* Plaintiff further alleges that "Defendants Dhancon or Hoosier Buyers have never been registered to telephone solicit from Texas, or into Texas" and that Plaintiff suffered "reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of Plaintiff's cell phone." *Id.* at 11-12.

In Count I, Plaintiff seeks treble damages and alleges that Defendants, "willfully and/or knowingly" violated 47 C.F.R. § 64.1200(c)(2). *Id.* at 12-13 (citing 47 U.S.C. § 227(c)(5)). In Count II, Plaintiff claims entitlement to statutory damages under Texas Business and Commercial Code section 302.302(a). *Id.*

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996) (citing *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396, *modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994)). When the non-movant bears the burden of proof at trial, the movant may carry its initial burden by demonstrating the absence of evidence to prove a fact necessary to the non-movant's case. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993) (citation omitted). "Alternatively, the movant may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.* at 1116.

Upon such a showing by the movant, the burden shifts to the non-movant, who must demonstrate an issue of material fact to avoid summary judgment. *Id.* Where the movant brought forth affirmative evidence, the "non-movant must respond with evidence sufficient to withstand a directed verdict at trial." *Id.* Where the movant demonstrated an absence of evidence, the non-movant may show that evidence in the record was overlooked or ignored or come forward with additional evidence sufficient to withstand a directed verdict. *Id.*

In determining whether a genuine dispute of material fact exists, the court must "view the evidence and [draw] all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007) (citation and internal marks omitted). The non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford–El v. Britton*, 523 U.S. 574, 600 (1998). "Unsworn and conclusory allegations are insufficient to support summary judgment." *Silk v. Albino*, No. 8:6-

cv-33-T-23TBM, 2007 WL 853752, at *1 (M.D. Fla. Mar. 19, 2007) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991)). *But see* 28 U.S.C. § 1746 (permitting in some circumstances the use of written, unsworn declarations subscribed to as true under penalty of perjury). "Although we must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, we hold that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

The Motion is due to be denied because the parties have not complied with the Court's requirement that they confer and submit a joint stipulation of agreed material facts. *See* Doc. 65 at 10. Here, the absence of a stipulation concerning agreed material facts is more than a mere procedural misstep—the paucity of the record submitted to the Court for consideration of summary judgment also precludes granting the Motion. Further, a review of the Motion reveals a related problem—the shotgun nature of the operative complaint—which the Court will address *sua sponte*.

As to the first issue, the parties have not submitted a joint stipulation of material facts for the Court's consideration. In section K.1 of the CMSO, the Court sets forth the requirement that:

> Fourteen (14) days before a party files a motion for summary judgment, counsel for all parties affected by the motion shall meet and confer to create a Stipulation of Agreed Material Facts which will be deemed admitted for the purpose of the motion. The Stipulation shall be filed with the Court.

Doc. 65 at 10. Here, Defendants filed the Motion without any joint stipulation of facts, and the Court denies the Motion on this basis alone. Doc. 65 at 2 ("The parties are cautioned that the Court will diligently enforce this CMSO, and—when necessary—will exercise its inherent and explicit

authority to sanction parties and attorneys who violate the letter or spirit of the Court's Rules and Orders.").

Additionally, having considered the record and the briefing, the Court cannot determine the undisputed materials facts relevant to the Motion. In a section of the Motion titled, "Statement of Supporting Factual Position," Defendants state several paragraphs of factual assertions, all based solely upon the attached declaration of Desroches. Doc. 76 (citing Doc. 76-1). In response to that Motion, Plaintiff provides no specific evidentiary support—whether by citation to the record or by attachment—but makes factual assertions throughout the filing. So, the Court is left with the sworn declaration of a Defendant and the unsupported response of a pro se party. The paucity of the factual record in this case is amplified by the parties' failure to engage with one another—as required—to provide the Court with a statement of undisputed material facts. Doing so would have not only revealed points of factual agreement but would have also crystallized the factual disputes that do exist, as well as identifying which factual assertions require (or lack) evidentiary support.

Defendants' primary argument in the Motion is that the calls were not the type of calls that would trigger liability under the TCPA. *See* Doc. 76 at 8. At first blush, this might appear to be a purely legal question capable of determination simply through reference to the allegations in the Complaint. But in the Complaint, Plaintiff alleges that "Dhancon is a broker that offers home selling services to individuals looking to sell their homes." Doc. 11-1 at 7. And while Defendants' Answer denies this allegation, Desrochers' declaration does not address it. *See* Docs. 69; 76-1. Further, though a contract that Defendants sent to Plaintiff is repeatedly referenced in the record, no party provides the Court with that contract. If, in fact, Defendants offer selling services as a part of their offer to purchase property, then this case seems analogous to transactions *Pepper v. GVG Cap. LLC*, 677 F. Supp. 3d 638, 642 (S.D. Tex. 2023), where the court found that the

allegations stated a claim under the TCPA where an offer to purchase involved a solicitation to the plaintiff to pay for services, regardless of whether payment was direct or through a discounted selling price. *See id.* While the Court may agree that a plain offer to purchase does not fall within the TCPA, those are not the allegations in this case, and the record is devoid of any factual assertion grappling with this issue. Accordingly, construing liberally the pro se party's arguments, the Court cannot determine that summary judgment is appropriate on this record.

But in relation to the shotgun nature of the Complaint, at least one fact central to the claims raised—which Defendant made phone calls to Plaintiff—appears both in dispute and fundamentally unclear based on the pleadings and record. Plaintiff alleges that Hoosier Buyers acted as Dhancon's agent, and that Desroches called Plaintiff "on behalf of Hoosier Buyers." Doc. 11-1 at 7-8. In the answer to the operative complaint, Defendants specifically deny the allegations underpinning the agency relationship alleged. *See* Doc. 69 at 12-15. And while Defendants admit that Desroches owns Hoosier Buyers and Dhancon (Doc. 69 at 2), it remains unclear whether Desroches could be (or is) liable for the actions of Dhancon and Hoosier Buyers. Turning to the summary judgment briefing, Defendants describe the phone call "between Plaintiff and HOOSIER" as "form[ing] the basis for Plaintiff's claims[.]" Doc. 76 at 7 (all caps in original).[1] Defendants do not address the allegations made as to Dhancon or Desroches. *See* generally, Doc. 76. Plaintiff continuously refers to the Defendants in a collective sense: "Defendants admit they repeatedly contacted Plaintiff's telephone number." Doc. 86 at 6. This language mirrors the collective allegations in the operative complaint. *See* generally, Doc. 11-1. Taken together, it appears the parties dispute which Defendant called Plaintiff, but neither party directly addresses

[1] Relatedly, Defendants purport to bring the Motion on behalf of Defendants collectively, but the substance of the Motion largely addresses the allegations as to defendant Hoosier Buyers, LLC only. *See generally*, Doc. 76. Put another way, even if the Court could grant the Motion on the record before it, Defendants have not filed a motion for summary judgment that addresses the claims raised as to all three defendants.

this in the summary judgment briefing. To the extent Defendants seek to rely on their unilaterally-crafted "Statement of Supporting Factual Position," those facts pertain only to defendant Hoosier Buyers, LLC. Doc. 76 at 1, 4-6.

The disagreement over which Defendant made the 15 phone calls at issue appears to stem from shotgun pleading defects in the operative complaint which make it unclear which claims and allegations pertain to which Defendant. Thus, the Court finds the proper course of action is to dismiss the operative complaint and grant Plaintiff leave to file an amended complaint that complies with the dictates of Federal Rules of Civil Procedure 8 and 10.

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp*., 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

Here, the operative complaint appears to be a hybrid of the first and fourth categories of shotgun pleadings. As to the first category, both counts impermissibly incorporate all preceding paragraphs, effectively nesting Count I into Count II. Doc. 11-1 at 12, 13. As to the fourth category, Plaintiff repeatedly refers to Defendants collectively as "Defendants Desroches, Dhancon and its agent Hoosier" in a way that creates ambiguity. *See generally*, Doc. 11-1. Although Plaintiff alleges that Hoosier Buyers LLC acted as Dhancon LLC's agent (Doc. 11-1 at 8) and that Desroches personally participated in calls 14 and 15 (*Id.*), Plaintiff repeatedly attributes conduct to Defendants collectively—including allegations concerning the placement of calls, maintenance of do-not-call policies, employee training, and knowledge of the TCPA. *Id.* at 10, 13 ("Defendants Desroches, Dhancon and its agent Hoosier, and/or their affiliates or agents made at least fifteen (15) telephone solicitation calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code § 302.101."). As pleaded, the Complaint does not consistently distinguish the factual allegations supporting the claims against each Defendant or the theory under which each Defendant is alleged to be liable. The Complaint does not clearly identify the theory under which Plaintiff seeks to hold Defendant Desroches liable for calls in which he is not alleged to have personally participated. Doc. 11-1 at 10 ("Defendant Desroches is personally liable for all calls made as he participated in Calls #14-15). Plaintiff is cautioned that the amended pleading permitted by this Order would be Plaintiff's third opportunity to plead in this case, and that the filing of another pleading that suffers from shotgun-pleading defects may result in the dismissal of this case without further notice.

Further, given the fact that the Court is permitting Plaintiff to file an amended pleading after the close of discovery to correct pleading deficiencies—not to add new claims—Plaintiff should take care to make only those factual allegations that are supported in this case. For example, if discovery in this case has borne out Defendants' assertions that the calls at issue in this case

were neither conducted via an autodialer nor used artificial or recorded voices, Plaintiff should not make those unsupported allegations, lest Platiniff run afoul of Federal Rule of Civil Procedure 11 and be subject to sanctions.[2] Again, had the parties provided a statement of undisputed material facts (or otherwise provided evidence for the Court to consider), the Court would not be left with these open questions.

Finally, if the Court granted summary judgment in favor of Defendants on the TCPA claim, the Court is disinclined to exercise supplemental jurisdiction over the remaining state law claim. If Defendants seeks judgment on the state law claim as well, it must also address why the Court should—or must—exercise jurisdiction over that claim following resolution of the federal question claim. If Plaintiff seeks to have the Court consider the state law claim in the absence of the TCPA claim, Plaintiff must similarly address the issue in response to a summary judgment motion.

## IV. CONCLUSION

The parties failure to comply with the CMSO and, alternatively, the dearth of a factual record upon which to evaluate the request for summary judgment results in the denial of the Motion. Further, the lack of clarity in the pleadings has been carried forward into the summary judgment briefing. This ambiguity combined with Defendants' failure to file a joint statement of undisputed facts materially impedes the Court's ability to reach the substance of the summary judgment briefing. Repleading is therefore appropriate, and should Defendants move for summary judgment based on the amended pleadings, they should first submit a joint statement of undisputed facts in accordance with the CMSO.

Based on the foregoing, it is **ORDERED** that:

1) the Motion (Doc. 76) is **DENIED without prejudice**;

---

[2] In Plaintiff's list of remaining factual disputes, Plaintiff appears to abandon these factual assertions by not listing them as disputed—but the Court is left to without a clear grasp of whether Plaintiff's position is that they are not disputed or they are not material.

2) the operative complaint (Doc. 11) is **DISMISSED with leave to amend** such that **on or before August 5, 2026**, Plaintiff may file an amended complaint that corrects the shotgun pleading defects identified;

3) if Plaintiff files an amended complaint, **on or before August 19, 2026**, Defendants shall file an answer (as well as their affirmative defenses and counterclaim);

4) to the extent Defendants do not abandon the counterclaim in their answer, **on or before September 2, 2026**, Plaintiff shall file a response to Defendants' counterclaim;[3]

5) **on or before September 16, 2026**, Defendants may file a renewed motion for summary judgment;[4]

6) the trial set for the September 1, 2026 trial term is **RESET** for the **April 1, 2027** trial term; and

7) the Court will issue an amended Case Management and Scheduling Order resetting the remaining pretrial deadlines.

**ORDERED** in Orlando, Florida on July 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[3] While the Court is granting Plaintiff leave to amend the shotgun pleading defects identified, neither party may: add claims, add counterclaims, or file a motion to dismiss at this stage of the proceeding. The time for doing so has elapsed.

[4] The deadline for Plaintiff to file a dispositive motion lapsed without Plaintiff filing one, and the Court does not hereby grant leave for Plaintiff to file such a motion.